IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| RICHARD DAVIS, | ) | CASE NO. 07-33986-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| DAVID LAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 08-3294 |
| | ) | |
| RICHARD DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Debtor/ Defendant's (Richard Davis') Motion to Set Aside Admissions Deemed Admitted" (Docket No. 18).[1] The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

---

[1] Defendant first raised the arguments contained in the instant motion on March 17, 2009, in a response (Docket No. 17) to Plaintiff's motion for summary judgment (Docket No. 13). The court held the instant evidentiary hearing at a regularly scheduled pretrial conference in the above captioned adversary proceeding, on April 7, 2009. On April 6, 2009, Defendant filed the instant motion. At the April 7, 2009 pretrial conference, Counsel for Plaintiff and for Defendant announced that they were ready to proceed on the instant motion.

Findings of Fact

Richard Davis ("Defendant" or "Debtor")) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 12, 2007.  William G. West ("Trustee") is the Chapter 7 Trustee.  Debtor's counsel in the instant Chapter 7 case and the instant adversary proceeding is Afton Izen.

The petition in the instant Chapter 7 case was filed eight days after the filing of Case No. 07-33685-H3-11, styled "Richard D. Davis, Limited Liability Partnership, a Texas General Partnership" (the "Partnership Case").

In the instant Chapter 7 case, Debtor, represented by Izen, contended that valuable assets identified by Trustee were property of separate entities either owned or controlled by Debtor, rather than property of Debtor.  Izen, on behalf of Debtor, resisted attempts to discover the true ownership of the assets in question.  The discovery disputes in the instant Chapter 7 case required Trustee to file a motion to compel, in the instant Chapter 7 case (Docket No. 43, Case No. 07-33986-H3-7), and an adversary proceeding by Trustee (Adversary Proceeding No. 07-3496), seeking, inter alia, to compel Debtor to turn over records related to the entities in which he owned an interest.

On January 24, 2008, the court entered its Memorandum Opinion with respect to Trustee's motion to compel.  In that opinion, the court found not credible Debtor's testimony that he

had produced all documents in his possession responsive to the Trustee's discovery requests, in light of his testimony that he had possession of or access to the records of 13 entities in which he had an interest.  Although the court cautioned Debtor in that opinion that a failure to comply with the court's judgment likely would result in the imposition of sanctions, the court did not sanction Debtor or his counsel at that time.  (Docket No. 90, Case No. 07-33986-H3-7).

On February 6, 2008, at 2:00 p.m., the court scheduled a hearing on the Trustee's objection to Debtor's claim of exemptions.  At 2:00 p.m. on February 6, 2008, Debtor was present, but Izen was not present.  The court instructed Debtor to contact Izen, while other matters were called.  At 2:30 p.m., the court commenced the evidentiary hearing on the Trustee's objection to exemptions.  At 2:34 p.m., Izen entered the courtroom.

In the instant adversary proceeding, on January 13, 2009, Plaintiff served on Defendant requests for admissions.  In the requests for admissions, Plaintiff requests that Defendant admit, <u>inter alia</u>, that Plaintiff and Defendant had an agreement whereby they would split business generated by Plaintiff, that Plaintiff provided services under the agreement, but was not paid, that Defendant entered into the agreement by false pretenses, a false representation, or actual fraud, that

3

Defendant committed fraud while acting in a fiduciary capacity, and that Defendant fraudulently appropriated and embezzled, Plaintiff's funds.[2]  (Docket No. 13, Exhibits A, A-1, A-2).

The deadlines for discovery and dispositive motions were set on February 12, 2009, by the initial scheduling order in the instant adversary proceeding.  (Docket No. 3).

On February 12, 2009, Plaintiff filed a motion to extend the deadline to file a dispositive motion.  In the motion to extend deadline, Plaintiff stated an intention to seek summary judgment in light of deemed admissions.  (Docket No. 10).  The deadline to file dispositive motions was extended by eleven days, to February 23, 2009.  (Docket No. 11).

On February 23, 2009, Plaintiff filed a motion for summary judgment.  (Docket No. 13).  On March 16, 2009, for the first time, in Defendant's response to Plaintiff's motion for summary judgment, Defendant challenged the deemed admissions. (Docket No. 15).  In the Defendant's response to Plaintiff's motion for summary judgment, Defendant argues that his counsel, Afton Izen, believed the response to the request for admissions had been filed.  Izen complained of electrical problems following Hurricane Ike, from September, 2008 "through January, 2009, when a virus began to attack and debilitate her computer system."

---

[2]The court notes that Plaintiff has filed a motion for summary judgment in the instant adversary proceeding, in light of the deemed admissions addressed in the instant motion.

4

(Docket No. 15, at p. 3).

On April 6, 2009, Defendant filed the instant motion, seeking to set aside the deemed admissions.  Debtor attached to the instant motion responses to the requests for admission.  (Docket No. 18).

At the hearing on the instant motion, Kathleen Ostroff, an employee in Izen's office, testified that Defendant came in to Izen's office to complete discovery requests on the weekend of March 13, 2009.  She testified that Defendant signed the verification of the discovery responses, and Ostroff notarized those responses, on March 14, 2009.  She testified that Defendant was present on that date immediately before he was to travel to Florida to report for incarceration.

Ostroff testified that her computer, which was used to prepare the responses to discovery requests, was afflicted with a computer virus.  She testified that she believed the responses to requests for admission had been served on Plaintiff.  She testified that, when she went to the computer to prepare responses to the remainder of the discovery requests, she discovered that the virus had made the computer inoperable.  She testified that Izen sent the computer out to be repaired, and that the repair took four to six weeks.

Ostroff testified that there was one other computer in the office.  She testified that the second computer was afflicted

5

with a different computer virus, such that she was unable to save documents.

Ostroff testified that Izen completed work in other cases on a computer at her home. She testified that Izen prepared briefs for argument before the Fifth Circuit Court of Appeals, and also prepared responses to motions for summary judgment at home.

Izen first testified that she believed the responses to admissions had been timely served. This testimony is not credible, in light of Ostroff's testimony that Debtor signed the verification on March 14, 2009, 30 days after the deadline.

Izen testified that she was unable to timely prepare the responses to requests for admissions in the instant adversary proceeding. She offered several excuses for her failure to do so: Her insurance company had not paid her sufficient funds to repair the roof of her home after Hurricane Ike; the office suffered from electrical and phone problems due to the hurricane that remained unaddressed; she was attempting to do a lot of work, including preparing several briefs for appellate matters and responses to motions for summary judgment; she believed she had fractured her foot while taking out the trash; her blood pressure was at an elevated level.

The court finds not credible Izen's testimony regarding electrical and phone problems. The testimony both of Izen and of

Ostroff indicates that the electrical and phone problems had been resolved sufficiently that the users of the computers were able to obtain computer viruses while downloading various items. The question of whether Izen's insurance company had paid for roof work is not relevant to the question of whether Izen should have timely filed responses to the requests for admission. Moreover, Izen could have sought an extension of time to do so. Likewise, the status of Izen's health did not prevent her from completing work in other cases.

## Conclusions of Law

Under Rule 36(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7036, while the court has considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal. American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117 (5th Cir. 1991).

In the instant case, it is clear that allowing Defendant to withdraw his deemed admissions would serve the presentation of the instant case on the merits. However, allowing withdrawal of the deemed admissions would also prejudice

Plaintiff.  The deadline for discovery has passed, and, in the absence of leave of court (which has not been sought by either side), Plaintiff could not conduct additional discovery with respect to the allegations in the complaint.  The court concludes that Defendant has not met the prerequisites under Rule 36 for the court to consider withdrawal of the deemed admissions.

Even when the two factors identified in American Auto are established, the court still has discretion to deny a request for leave to withdraw or amend an admission.  In re Carney, 258 F.3d 415 (5th Cir. 2001).  Other considerations are whether the party seeking to withdraw admissions has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case, or that the admission is no longer true because of changed circumstances or that through an honest error a party has made an improvident admission.  N. La. Rehab. Ctr. Inc. v. United States, 179 F.Supp.2d 658 (W.D. La. 2001) (quoting Ropfogel v. United States, 138 F.R.D. 579 (D. Kan. 1991)); accord Branch Banking & Trust Co. v. Deutz-Allis Corp., 120 F.R.D. 655 (E.D.N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence ... to suggest the admission, if left standing, would render an unjust result under the law").  The Fifth Circuit has also determined that a court acts within its discretion in considering the fault of the

party seeking withdrawal, Pickens v. Equitable Life Assurance Soc., 413 F.2d 1390 (5th Cir.1969),[3] or its diligence in seeking withdrawal, Covarrubias v. Five Unknown INS/Border Patrol Agents, 192 F. App'x 247 (5th Cir. 2006)(per curiam) (unpublished).

In the instant case, Debtor has repeatedly failed to cooperate in discovery requests.  Debtor and Debtor's counsel Izen have callously disregarded deadlines and court settings.  Izen's testimony indicates that she gets done the work that she believes needs to get done, and makes excuses as to the rest.  Izen's excuses are unpersuasive in the instant adversary proceeding.  As noted above, the court finds not credible Izen's testimony that she was unable to complete the requests for admissions because of electrical and phone problems plaguing her office after Hurricane Ike.  The remainder of Izen's excuses are unavailing.  The court concludes that Defendant should not be permitted to withdraw the deemed admissions in the instant adversary proceeding.

Signed at Houston, Texas on August 28, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes that Pickens was decided prior to the 1970 amendment to Rule 36.  However, the rationale remains valid.

9